UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

DELIA REYNOLDS,

                Plaintiff,

    -against-

ROCKAWAY HD LLC,

                Defendant.

----------------------------------------------------------X

**REPORT & RECOMMENDATION**
21-CV-5408 (NRM) (TAM)
(Not for Publication)

**TARYN A. MERKL**, United States Magistrate Judge:

    Plaintiff Delia Reynolds initiated this action against Defendant Rockaway HD LLC on September 29, 2021, alleging a claim of unlawful retaliation under the New York Labor Law ("NYLL"), Art. 20-C §§ 740, 741. (*See* Complaint ("Compl."), ECF No. 1.) Defendant filed its answer on December 9, 2021, and now seeks leave to amend in order to raise a counterclaim for breach of contract. (*See* Answer, ECF No. 11; Mot. to Amend, ECF No. 26; Mem. in Supp. of Defs' Mot. for Leave to Amend ("Supp. Mem."), ECF No. 26-2.) For the reasons set forth below, the Court recommends denying Defendant's motion to amend.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    As alleged in the complaint, Plaintiff worked as a nurse manager at Defendant's facility in Elmont, New York, from around November 12, 2019 to February 28, 2020. (Compl., ECF No. 1, ¶¶ 2, 8.) "In this role, Plaintiff's duties included administering direct care to patients such as hemodialysis — a procedure where a dialysis machine and a special filter or a dialyzer are used to clean the patient's blood — as well as

managing the registered nurses, licensed practical nurses, and dialysis technicians who worked" at Defendant's facility. (*Id.* ¶ 8.)

Plaintiff alleges that, on February 7, 2020, she discovered that two of Defendant's technicians were using dialysis equipment without proper certification. (*See id.* ¶¶ 9–10.) After notifying her supervisor of the issue, Plaintiff removed the two technicians from the facility's work schedule. (*See id.* ¶ 10.) Plaintiff claims she was later instructed to place one of the technicians back on the schedule, and, after Plaintiff declined to do so, the supervisor proceeded to schedule the technician over Plaintiff's objections. (*See id.* ¶¶ 13, 18.)

As alleged in the complaint, Plaintiff discussed the matter with her supervisor in late February 2020, explaining "that she could not work in an environment that required her to place her own license in jeopardy by permitting unlicensed dialysis technicians under her supervision to treat patients without the proper training and related certification." (*Id.* ¶ 21.) Defendant failed "to take corrective measures," and Plaintiff quit on February 28, 2020. (*Id.*)

Plaintiff subsequently filed suit on September 29, 2021, alleging a single claim of unlawful retaliation under NYLL § 741 and entitlement to damages exceeding $75,000.[1] (*See id.* ¶¶ 3, 25.) Defendant filed an answer on December 9, 2021, and, following an initial conference with the Court, the parties engaged in discovery. (*See* Answer, ECF No. 11; Feb. 3, 2022 ECF Minute Entry and Order; Mots. for Extension of Time, ECF Nos. 19–20, 23, 25.)

---

[1] Plaintiff, an alleged Pennsylvania citizen, brought this claim against Defendant, an LLC, under 28 U.S.C. § 1332. (Compl., ECF No. 1, ¶ 3.) On June 2, 2022, the Honorable Eric R. Komitee issued an Order to Show Cause, noting that Plaintiff's allegations as to Defendant's citizenship failed to establish complete diversity. (*See* June 2, 2022 Order to Show Cause.) On June 17, 2022, Defendant submitted an affidavit identifying each of its members, all of which are citizens of New York. (*See* Oloko Aff., ECF No. 22, at 1.)

2

At a status conference on October 3, 2022, Defendant informed the Court that it intended to seek leave to amend its answer to raise several counterclaims. (*See* Oct. 3, 2022 ECF Minute Entry and Order.) Two weeks later, on October 17, 2022, Defendant filed a motion for leave to amend, along with a proposed amended pleading[2] ("Proposed Answer") and a supporting memorandum of law. (*See* Mot. to Amend, ECF No. 26; First Proposed Amend. Answer, ECF No. 26-1; Supp. Mem., ECF No. 26-2; *see also* Second Proposed Amend. Answer ("Proposed Answer"), ECF No. 27, at ECF pp. 4–9.)

Defendant's Proposed Answer raises a single counterclaim for breach of contract.[3] (*See* Proposed Answer, ECF No. 27, ¶¶ 32–35.) As alleged therein, "[a]t the commencement of her employment with Defendant, Plaintiff entered into an agreement wherein she agreed to keep . . . confidential patient information (including patients' individually identifiable health information) kept and maintained on Defendant's premises." (*Id.* ¶ 32.) Defendant avers that Plaintiff breached that agreement by removing such "information from Defendant's premises," and disclosing the "illegally obtained information to third parties without obtaining due consents or

---

[2] Defendant initially filed a proposed amended pleading setting forth six counterclaims: (1) fraud, (2) "Violation of HIPAA Privacy Rules," (3) breach of contract, (4) breach of the implied covenant of good faith and fair dealing, (5) unjust enrichment, and (6) fraudulent representation. (First Proposed Amended Answer, ECF No. 26-1, ¶¶ 32–69.) On October 28, 2022, however, Defendant filed a letter withdrawing all but one of its proposed counterclaims, along with a revised proposed amended pleading. (*See* Oct. 28, 2022 Letter, ECF No. 27; *see also* Proposed Answer, ECF No. 27, at ECF pp. 4–9.) For simplicity, the Court refers to the most recent revised pleading as the "Proposed Answer" and cites to the allegations of the Proposed Answer by paragraph number.

[3] Although Defendant's remaining proposed counterclaim is captioned, "Fraud," the Court notes that Defendant's cover letter states that the Proposed Answer contains one counterclaim for breach of contract. (*See* Oct. 28, 2022 Letter, ECF No. 27, at 1; Proposed Answer, ECF No. 27, ¶¶ 32–35.) In addition, the substance of the allegations is identical to the breach of contract counterclaim Defendant raised as its third cause of action in the first proposed amended answer. (*Compare* Proposed Answer, ECF No. 27, ¶¶ 32–35, *with* First Proposed Amend. Answer, ECF No. 26-1, ¶¶ 43–46.)

3

authorizations." (*Id.* ¶¶ 33–34.) "As a direct and proximate result of Plaintiff's breach of her contractual obligations to Defendant, Defendant has been harmed and continues to suffer[] economic harm[] for which it is entitled to [an] award of damages and other relief." (*Id.* ¶ 35.)

Plaintiff filed a memorandum opposing Defendant's motion on November 14, 2022. (Mem. in Opp'n to Def.'s Mot. for Leave to Amend ("Opp'n Mem."), ECF No. 28.) Defendant then filed its reply on November 21, 2022. (Reply in Supp. of Mot. to Amend ("Reply"), ECF No. 30.) Defendant also filed a purported copy of the confidentiality agreement referenced in the Proposed Answer. (*See* Ex. A to Aff. in Supp. of Mot. to Amend, ECF No. 31-1.)

The parties later filed a status report on December 7, 2022, "certify[ing] that all discovery in this matter [was] complete" and indicating that the parties were "willing to participate in a settlement conference." (Dec. 7, 2022 Status Report, ECF No. 32.) In light of the parties' request, the Court held a pre-settlement status conference on December 14, 2022, during which the parties represented that they were prepared for a settlement conference prior to a decision on Defendant's pending motion for leave to amend. (*See* Dec. 14, 2022 ECF Minute Entry and Order.) The Court therefore took Defendant's motion under advisement. (*Id.*)

An initial settlement conference took place on February 15, 2023. (*See* Feb. 15, 2023 ECF Minute Entry and Order.) After the parties were unable to reach a settlement at the conference, the Court directed the parties to continue engaging in settlement negotiations and to file a status report advising the Court as to proposed next steps. (*See id.*) The parties' subsequently filed a status report on March 3, 2023, indicating that the parties were "at an impasse" and "request[ing] that the Court resolve Defendant's outstanding Motion to Amend." (Mar. 3, 2023 Status Report, ECF No. 34.) The

4

Honorable Nina R. Morrison referred Defendant's motion to the undersigned magistrate judge for a report and recommendation on March 23, 2023. (Mar. 23, 2023 ECF Referral Order.)

## DISCUSSION

Defendant seeks to amend its answer during the "period of 'liberal' amendment" governed by Rule 15(a)(2).[4] *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further instructs that leave to amend should be given "when justice so requires." *Id.* "This is a 'liberal' and 'permissive' standard," and denial is proper only "upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote*, 9 F.4th at 115 (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

Plaintiff does not consent to Defendant's proposed amendment. She instead argues that the Court should deny Defendant's motion because the proposed counterclaim is futile and because allowing the amendment would prejudice her. (*See* Opp'n Mem., ECF No. 28, at 6–10.) In Plaintiff's view, "[t]he proposed pleading is . . .

---

[4] "At the outset of litigation, a [defendant] may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 112 (2022). That period ends, and the period of liberal amendment begins, "either [1] upon expiration of a specified period in a [Rule 16] scheduling order or [2] upon expiration of the default period set forth in Rule 15(a)(1)(A)." *Id.* The Court notes that Defendant moved to amend by the deadline set by the Court's most recent extension of the scheduling order, and both parties appear to agree that Defendant requested leave to amend during the period of liberal amendment. (*See* Supp. Mem., ECF No. 26-2, at 6–7 (discussing liberal amendment standards); Opp'n Mem., ECF No. 28, at 4 (same). *Compare* Feb. 3, 2022 ECF Minute Entry & Order, *with* Sept. 26, 2022 ECF Order.) *See Sacerdote*, 9 F.4th at 115 (explaining that, once "[t]he period of 'liberal' amendment ends," parties "may do so only up[on] a showing of . . . 'good cause'").

5

futile because it fails to state a claim upon which relief can be granted."[5] (*Id.* at 1; *see also id.* at 7–9.) As to prejudice, Plaintiff argues that permiting the amendment would prolong discovery, thereby "delaying the resolution of Plaintiff's lawsuit by many months, if not years." (*Id.* at 9.) Whatever the potential prejudice to Plaintiff, the Court finds that Defendant's proposed amendment is futile. *See infra* note 8.

The futility analysis under Rule 15 mirrors the familiar Rule 12(b)(6) standard. "Futility is a determination, as a matter of law, that proposed amendments would fail . . . to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (quotation marks omitted); *Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) ("The adequacy of a proposed amended complaint . . . is to be judged by the same standards as those governing the adequacy of a filed pleading."). Accordingly, a proposed amended pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the movant must allege "factual content that allows the court to draw the reasonable inference that

---

[5] Plaintiff also argues that Defendant's proposed amendment is futile for lack of subject matter jurisdiction. (*See* Opp'n Mem., ECF No. 28, at 6–7.) *See Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y. 2003) ("If a proposed amendment adds a claim and party over which the Court lacks subject matter jurisdiction, the amendment would be futile."). Plaintiff may be correct. Were Defendant's proposed counterclaim a standalone claim for breach of contract, the claim may lack an independent basis for subject matter jurisdiction in light of Defendant's failure to assert damages exceeding the amount in controversy. *See* 28 U.S.C. § 1332(a). However, because Defendant fails to assert whether the proposed counterclaim is compulsory or permissive in nature, and because neither party addresses whether the Court otherwise has supplemental jurisdiction over Defendant's breach of contract claim, the subject matter jurisdiction analysis is less straightforward than an evaluation of the sufficiency of the pleading. *See generally* Fed. R. Civ. P. 13(a); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 210–13 (2d Cir. 2004) (explaining that permissive counterclaims presumptively require an independent basis for subject matter jurisdiction, except where the court exercises its supplemental jurisdiction under 28 U.S.C. § 1367). Accordingly, the Court declines to reach the issue of whether the proposed counterclaim is futile for lack of subject matter jurisdiction, as doing so is unnecessary in light of the Court's determination that Defendant fails to state a claim for relief.

the defendant is liable for the misconduct alleged," not just the "sheer possibility that [the] defendant has acted unlawfully." *Id.*; *see also id.* ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" (quoting *Twombly*, 550 U.S. at 557)).

Defendant's proposed counterclaim for breach of contract falls short of setting forth a plausible claim to relief. "Under New York law,[6] a breach of contract claim requires a plaintiff to allege that '(1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages.'" *Shinano Kenshi Corp. v. Honeywell Int'l, Inc.*, No. 22-CV-3704 (LGS), 2023 WL 2431327, at *3 (S.D.N.Y. Mar. 9, 2023) (quoting *34-06 73, LLC v. Seneca Ins.*, 39 N.Y.3d 44, 52 (2022)). Based on the allegations in the Proposed Answer, Defendant's proposed counterclaim is insufficient.

Critically, Defendant fails to allege facts from which the Court can infer how Plaintiff's breach of contract resulted in damages.[7] "Causation is an essential element of damages in a breach of contract action" under New York law, "and, as in tort, a plaintiff must prove that a defendant's breach directly and proximately caused his or her damages." *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) (emphasis omitted); *see also Carco Grp., Inc. v. Maconachy*, 383 F. App'x 73, 74 (2d Cir. 2010). Accordingly, where a "plaintiff asserts he has suffered monetary losses but does not state that defendants *caused* those losses," the plaintiff fails to state a plausible claim

---

[6] Defendant does not contest Plaintiff's assertion that the proposed counterclaim is governed by New York law. (*Compare* Opp'n Mem., ECF No. 28, at 7, *with* Reply, ECF No. 30, at 5–8.)

[7] The Court notes that Defendant also fails to allege whether it performed its own obligations under the contract at issue. *See Andrade v. Reiter*, No. 08-CV-1640 (KAM) (JO), 2009 WL 10706561, at *7 (E.D.N.Y. Apr. 17, 2019) (finding that the plaintiff failed to state a breach of contract claim absent allegations that she performed her own obligations under the contract).

for breach of contract. *Iosilevich v. TD Bank, N.A.*, No. 20-CV-1515 (RPK) (LB), 2021 WL 7709508, at *2 (E.D.N.Y. Feb. 9, 2021); *see Comfort Inn Oceanside v. Hertz Corp.*, No. 11-CV-1534 (JG) (JMA), 2011 WL 5238658, at *7–9 (E.D.N.Y. Nov. 1, 2011) (explaining that, although "relatively simple allegations will suffice to plead a breach of contract claim," mere allegations that the plaintiff "'suffered damages' without particular facts as to how she was damaged does not satisfy *Twombly* and *Iqbal*" (quotation marks omitted)).

Defendant's proposed counterclaim fails to state a claim for this very reason. The Proposed Answer states, only, that "[a]s a direct and proximate result of Plaintiff's breach of her contractual obligations to Defendant, Defendant has been harmed and continues to suffer[] economic harm." (Proposed Answer, ECF No. 27, ¶ 35.) This conclusory allegation does not suffice to push Defendant's claim over the "line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (quotation marks omitted). It is entirely unclear from the face of the proposed amended pleading how Plaintiff's alleged breach, i.e., removing "confidential information . . . from Defendant's premises" and "disclos[ing] the . . . information to third parties," resulted in economic or other cognizable harm to Defendant. (Proposed Answer, ECF No. 27, ¶¶ 33–34.) Absent more specific facts, the Court cannot draw the "reasonable inference" that Plaintiff is liable for breach of contract under New York law.[8] *Iqbal*, 556 U.S. at 678. Defendant therefore fails to state a claim upon which relief can be granted. *See id.* (explaining that the facts

---

[8] Defendant's failure to allege a plausible claim for breach of contract also frustrates the Court's ability to assess prejudice, i.e., the Court cannot adequately evaluate the extent to which discovery would be lengthened and the attendant costs to Plaintiff without better-pleaded allegations regarding the scope of the alleged breach of contract and any concomitant damages. Regardless, the Court finds that leave should be denied based on futility grounds. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505–06 (2d Cir. 2014) (explaining that "[l]eave may be denied 'for good reason, including futility . . . *or* undue prejudice'" and affirming denial exclusively on futility grounds (emphasis added)).

alleged must do more than establish the "sheer possibility that [the] defendant has acted unlawfully").

Because Defendant's proposed counterclaim for breach of contract fails to state a plausible claim to relief, the Proposed Answer is futile. *See In re Tribune Co.*, 10 F.4th at 175. The Court accordingly finds that leave to amend should be denied. *See Sacerdote*, 9 F.4th at 115.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends denying Defendant's motion to amend.

\* \* \* \* \*

Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Nina R. Morrison, at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
   March 23, 2023

               *Taryn A. Merkl*
               TARYN A. MERKL
               UNITED STATES MAGISTRATE JUDGE